# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:

SCOTT JOSEPH JUREWICZ,

       Plaintiff,

   v.

NESTOR A. AMORES, individually,
and the CITY OF MIAMI, a
Florida Municipal corporation,

       Defendants.

_____/

## COMPLAINT

1.      This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against NESTOR A. AMORES, individually, and the CITY OF MIAMI, a Florida Municipal corporation.

2.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.   Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3.      Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

4.      Plaintiff SCOTT JOSEPH JUREWICZ [hereinafter "Plaintiff" or "JUREWICZ" is a resident of the State of Michigan.

5.      At all times referred to herein, Defendant NESTOR A. AMORES [hereinafter AMORES or Defendant AMORES] was a police officer for Defendant CITY OF MIAMI and was acting under color of law, and in such capacity as an agent, servant, and employee of Defendant CITY OF MIAMI.

6.      Defendant CITY OF MIAMI [hereinafter Defendant CITY OF MIAMI or CITY] is a Florida municipal corporation, organized and existing under the laws of the State of Florida, and located in Miami-Dade County, Florida.  In this cause, the CITY acted through its agents, employees, and servants, including Defendant AMORES and others.

7.      Plaintiff sues Defendant AMORES in his individual capacity.

## FACTS

8.      At all times material hereto, Plaintiff was a second year law student at the University of Miami and was residing at the Mint Condominium, located at 92 SW 3rd Street, Apartment # 4510, Miami, Miami-Dade County, Florida.

9.      At all times material hereto, Plaintiff was residing at the Mint Condominium with his brother, Michael Jurewicz, M.D., a resident in the urology department at the University of Miami, Jackson Memorial Hospital.

10.     On the early morning hours of Sunday, February 9, 2014, Plaintiff and his brother were at Radio Bar on South Beach.

11.     After 4:00 a.m., Plaintiff and his brother hired Central Cab # 782 to drive them to their apartment.

12.     Prior to departing Radio Bar, Plaintiff and his brother explained to the taxi driver that they did not have cash, and the taxi driver advised that she did not accept credit cards.   As a result, an agreement was reached whereby the taxi driver agreed to wait outside Mint Condominium while U.S. currency was retrieved from Plaintiff's apartment for payment of the taxi fare.

13.     The taxi cab arrived at Mint Condominium and Plaintiff and his brother alighted from the cab at 4:28 a.m.

14.     At 4:31 a.m., the cab driver departed the valet area in her taxi cab.

15.     At 4:32 a.m., Plaintiff returned from the 45th floor of his condominium with payment for the taxi driver.  Plaintiff remained in the valet area for several minutes looking for the taxi cab, but it failed to return.

16.     At approximately 5:13 a.m., Defendant AMORES and Defendant CITY OF MIAMI Police Officer Armando Ferral arrived at Mint Condominium in response to a complaint by the taxi driver.

17.     Upon reviewing security videotape, it was determined that the persons who exited the taxi cab were Plaintiff and his brother, the residents of unit 4510.

18.     Defendant AMORES was subsequently escorted to the 45th floor by Michael Aportela, a security guard working at Mint Condominium.

19.     While Defendant AMORES was en route to the 45th floor, Jason Rogers, the doorman at the Mint Condominium, paid the cab fare of $47.00 on behalf of Plaintiff and his brother.

20.     Upon arriving at Plaintiff's residence on the 45th floor, Defendant AMORES knocked on Plaintiff's door with without success, since both Plaintiff and his brother were sleeping.

21.     Defendant AMORES then opened the front door to Plaintiff's residence, which was

3

unlocked, and entered Plaintiff's residence without a warrant.

22.     Upon entering Plaintiff's apartment, Defendant AMORES awoke Plaintiff and demanded that Plaintiff accompany Defendant AMORES downstairs to the lobby of the Mint Condominium, where Officer Armando Ferral was waiting with the taxi driver and Jason Rogers, the doorman.

23.     Upon Defendant AMORES, Plaintiff, and Michael Aportela returning to the lobby of the Mint Condominium, Jason Rogers advised Defendant AMORES that he paid the cab fare of $47.00 in full, on behalf of Plaintiff and his brother.

24.     Defendant AMORES responded by demanding that Plaintiff pay the taxi driver an additional $20.00 above the previously paid fare of $47.00.

25.     Plaintiff informed Defendant AMORES that he would not pay an additional amount of $20.00.

26.     Defendant AMORES then arrested Plaintiff for the offense of disorderly intoxication in the absence of probable cause that Plaintiff committed any criminal offense, based on the false claim that Plaintiff yelled profanities in the lobby of the Mint Condominium, thereby "affecting the peace and quiet and the public moral of the residents from the condominium," when in fact, as Defendant AMORES knew, the lobby of the Mint Condominium is not a "public place" for purposes of F.S. § 856.011, and regardless, there were no residents of in the lobby of the Mint Condominium at the time of the arrest (other than Plaintiff), as demonstrated by the security cameras in the condominium lobby.

27.     Following Plaintiff's unlawful arrest, Defendant AMORES asked Michael Aportela

4

if there were any surveillance cameras on the 45th floor of the Mint Condominium.

28.     When Michael Aportela answered "No," Defendant AMORES falsely stated:  "The door was slightly open, right?", in an effort to solicit false testimony from Michael Aportela for the purpose of covering up Defendant AMORES unconstitutional entry into Plaintiff's apartment.

29.     As a result of his arrest by Defendant AMORES, Plaintiff remained incarcerated until approximately 11:00 p.m.

30.     On March 6, 2014, the Miami-Dade County State Attorney's Office filed a "No Action" as to all criminal charges, and Plaintiff has never been convicted of any criminal offense as a result of his arrest by Defendant AMORES.

31.     The conduct of Defendant AMORES occurred under color of state law.

**CAUSES OF ACTION**

**COUNT I**
**FOURTH AMENDMENT UNLAWFUL SEARCH CLAIM AGAINST**
**DEFENDANT BROWN, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant AMORES, individually, in Count I, Plaintiff states:

32.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 31.

33.     Defendant AMORES entered Plaintiff's residence without a warrant or other lawful authority in the absence of exigent circumstances and probable cause, or voluntary consent.

34.     The conduct of Defendant AMORES towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth to be secure in his house, papers, and effects, against unreasonable search and seizure.

35.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C.

§ 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

36.      As a further direct and proximate result of the conduct of Defendant AMORES, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.      Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

### COUNT II
### FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT AMORES, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant AMORES, individually, in Count II, Plaintiff states:

37.      Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 31.

38.      The  arrest of Plaintiff occurred immediately after Plaintiff refused Defendant AMORES's demand that Plaintiff pay an additional amount of $20.00 to the taxi driver, above the previously paid fare of $47.00, and in retaliation for Plaintiff's protected speech under the First

Amendment.

39.     At all times material hereto, it was clearly established law that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill*, 107 S.Ct. 2502, 2510 (1987).

40.     The arrest of Plaintiff by Defendant AMORES occurred in the absence of probable cause that Plaintiff committed any criminal offense, and was likely deter a person of ordinary firmness from the exercise of First Amendment rights.  The conduct of Defendant AMORES towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

41.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

42.     As a further direct and proximate result of the conduct of Defendant AMORES, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

      i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

      ii.     Judgment for exemplary damages;

      iii.     Cost of suit;

  iv.  Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

  v.  Trial by jury as to all issues so triable; and

  vi.  Such other relief as this Honorable Court may deem just and appropriate.

**COUNT III**
**PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT AMORES, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant AMORES, individually, in Count III, Plaintiff states:

  43.  Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 31.

  44.  Defendant AMORES proximately caused Plaintiff's arrest in the absence of lawful authority or probable cause that Plaintiff committed any criminal offense.

  45.  The conduct of Defendant AMORES towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth Amendment and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

  46.  As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

  47.  As a further direct and proximate result of the conduct of Defendant AMORES, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

  WHEREFORE, Plaintiff prays:

8

     i.       Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.      Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.      Trial by jury as to all issues so triable; and

     vi.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT IV**
**PLAINTIFF'S INVASION OF PRIVACY CLAIM**
**AGAINST DEFENDANT CITY OF MIAMI**

For his cause of action against Defendant CITY OF MIAMI, in Count IV, Plaintiff states:

48.    Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 31.

49.    The warrantless and non-consensual entry by Defendant AMORES into Plaintiff's apartment was in the absence of lawful authority, or probable cause and exigent circumstances.

50.    The conduct of Defendant AMORES was objectively unreasonable, and caused Plaintiff outrage, mental suffering, shame, and humiliation, and was undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to a person of ordinary sensibilities.

51.    The entry constitutes an invasion upon Plaintiff's physical solitude or seclusion, and constitutes invasion of privacy under Florida law.

52.    The conduct of Defendant AMORES occurred during the course and scope of his employment for Defendant CITY OF MIAMI.

53.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and

9

damaged reputation, including business reputation/goodwill.

54.     As a further direct and proximate result of the conduct of Defendant CITY OF
MIAMI, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the
enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses
in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Cost of suit;

    iii.    Trial by jury as to all issues so triable; and

    iv.    Such other relief as this Honorable Court may deem just and appropriate.

### COUNT V
### PLAINTIFF'S INVASION OF PRIVACY CLAIM
### AGAINST DEFENDANT AMORES, INDIVIDUALLY

For his cause of action against Defendant AMORES, individually, in Count V, Plaintiff states:

55.     Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of
paragraphs 1 through 31.

56.     The warrantless and non-consensual entry by Defendant AMORES into Plaintiff's
apartment was in the absence of lawful authority, or probable cause and exigent circumstances.

57.     The conduct was objectively unreasonable, and caused Plaintiff outrage, mental
suffering, shame, and humiliation, and was undertaken in such a manner as to cause outrage, or
mental suffering, shame, or humiliation, to a person of ordinary sensibilities.

58.     The entry constitutes an invasion upon Plaintiff's physical solitude or seclusion, and
constitutes invasion of privacy under Florida law.

59.     Alternatively to the allegations set forth in Count IV, if the acts or omissions of Defendant AMORES were committed outside the course and scope of his employment with Defendant CITY OF MIAMI, or in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the invasion of privacy was committed by Defendant AMORES in his individual capacity.

60.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

61.     As a further direct and proximate result of the conduct of Defendant AMORES, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

   i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

   ii.    Judgment for exemplary damages;

   iii.   Cost of suit;

   iv.    Trial by jury as to all issues so triable; and

   v.     Such other relief as this Honorable Court may deem just and appropriate.

### COUNT VI
### FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
### DEFENDANT CITY OF MIAMI

For his cause of action against Defendant CITY OF MIAMI, in Count VI, Plaintiff states:

62.     Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of

paragraphs 1 through 31.

63.     Defendant AMORES proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

64.     The conduct of Defendant AMORES towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

65.     The false arrest/false imprisonment of Plaintiff by Defendant AMORES was committed in the course and scope of his employment as a police officer for Defendant CITY OF MIAMI.

66.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

67.     As a further direct and proximate result of the conduct of Defendant CITY OF MIAMI, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $15,000.00 dollars;

ii.     Cost of suit;

iii.    Trial by jury as to all issues so triable; and

iv.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VII**

12

## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT AMORES, INDIVIDUALLY

For his cause of action against Defendant CITY OF MIAMI, in Count VII, Plaintiff states:

68.     Plaintiff realleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 31.

69.     Defendant AMORES, individually, proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

70.     The conduct of Defendant AMORES, individually, towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

71.     Alternatively to the allegations set forth in Count VI, if the false arrest/false imprisonment of Plaintiff by Defendant AMORES, individually, occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant AMORES in his individual capacity.

72.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

73.     As a further direct and proximate result of the conduct of Defendant AMORES, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future,

13

in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

     i.      Judgment for compensatory damages in excess of $15,000.00 dollars;

     ii.     Judgment for exemplary damages;

     iii.    Cost of suit;

     iv.    Trial by jury as to all issues so triable; and

     v.     Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

74.    Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this __20th___ day of January, 2015.

    By:__ *s/. Hugh L. Koerner* _____
        Hugh L. Koerner
        Florida Bar No.: 716952
        Email: hlklaw@hughkoerner.com
        Hugh L. Koerner, P.A.
        Sheridan Executive Centre
        3475 Sheridan Street, Suite 208
        Hollywood, FL 33021
        Telephone: (954) 522-1235
        Facsimile:  (954) 522-1176
        **Attorney for Scott Joseph Jurewicz**